IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVAR LEE ANTHONY SPENCE, | : | |
| Petitioner, | : | 1:17-cv-0881 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| RICHARD K. RENN, *et al.*, | : | |
| Respondents. | : | |

**MEMORANDUM**

**May 22, 2017**

On October 31, 2016, Levar Lee Anthony Spence ("Spence") initiated this action in the United States District Court for the Eastern District of Pennsylvania with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He filed an Amended Petition, as instructed, on February 2, 2017. (Doc. 9). Spence is challenging a Court of Common Pleas of York County conviction and sentence in criminal matter CP-67-CR-2201-2015.

On March 6, 2017, the Eastern District transferred the matter to this district as "the district within which the State court was held which convicted and sentenced him." (Doc. 13, citing [2]8 U.S.C. § 2241(d); 28 U.S.C. § 1404(a); Doc. 16). It was received in this Court on May 18, 2017. (Doc. 18). Preliminary review of the amended petition reveals that it is appropriate to enter an order staying the matter pending exhaustion of state court remedies and to administratively close the case.

## I. BACKGROUND

The following background is pertinent:

> On January 14, 2016, Spence was convicted of the offenses of possession with intent to deliver and possession of marijuana. *See Commonwealth v. Spence*, CP-67-CR-3301-2015, Crim. Dkt. at 3. On March 1, 2016, he was sentenced to an aggregate term of three to eight years imprisonment. *See id*. Although Spence contends he appealed, *see* Revised Hab. Pet. at 27-35, the docket does not show any appeal was filed. *See* Crim. Dkt. at 6. It only shows that Spence filed correspondence after the appeal period expired. *See id*. Spence also has not filed a petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act, 42 PA. C.S. § 9541 *et seq*. ("PCRA"), though it appears that the statute of limitations period for such a petition has not yet expired.

*Spence v. McGinley*, No. CV 16-5710, 2017 WL 907605, at *1 (E.D. Pa. Feb. 14, 2017), report and recommendation adopted, No. CV 16-5710, 2017 WL 902865 (E.D. Pa. Mar. 6, 2017) (footnotes omitted).

"Spence's conviction became final on March 31, 2016, thirty days after his judgment of sentence was entered. *See* 42 Pa. C.S. § 9545 (judgment becomes final at the expiration of time for seeking direct review). He has one year from that date to file a PCRA petition in the Pennsylvania state courts. *See id.* (PCRA petition must be filed within one year of the date a judgment becomes final)." *Id.* at *2 n.2.

Spence "filed a request for a stay and abeyance based on allegations that he is still litigating his case in the Pennsylvania Supreme Court. See 11/21/2016 Letter (doc. 2)." *Id.* at *1. Specifically, he is challenging the Supreme Court's

determination that his habeas corpus has been closed for failure to perfect. (Doc. 4, p. 2).

## II.    **DISCUSSION**

A habeas petition may be brought in federal court by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973). The United States Supreme Court has held that, "in limited circumstances," "it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state courts." *Rhines v. Weber*, 544 U.S. 269, 277–278 (2005). A key pre-requisite to the granting of a stay under the standard of *Rhines* is that there be a real danger that the petitioner would, after dismissal without prejudice of the federal habeas action, be time-barred upon his return to federal court after the state proceedings are no longer pending. A stay is an "appropriate course of action where an outright dismissal could jeopardize the timeliness of a collateral attack." *Crews v. Horn*, 360 F.3d 146 (3d Cir.2004).

It is recognized that the state court dockets do not reveal pending state court proceedings, direct appeal or collateral, and it is certainly possible that, based on the above depiction of the state court proceedings, and this Court's independent review of relevant state court dockets, that the petition is presently untimely.

3

However, we feel that it is prudent to stay this matter and hold the petition in abeyance so as to afford Spence the opportunity to complete his inquiry into the Supreme Court's decision to close his habeas matter based on failure to perfect. (Doc. 4, p. 2).

    An appropriate order will enter.