IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVAR LEE ANTHONY SPENCE, | : | |
| Petitioner, | : | 1:17-cv-0881 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| THOMAS L. MCGINLEY, *et al.*, | : | |
| Respondents. | : | |

# **MEMORANDUM**

## **December 17, 2018**

Petitioner Levar Lee Anthony Spence ("Petitioner" or "Spence"), a state inmate currently confined at the State Correctional Institution at Coal Township (SCI-Coal Township), Pennsylvania, initially filed a petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 31, 2016, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). The matter was transferred to this district on May 18, 2017 and is currently proceeding *via* a "Revised Petition" (Doc. 9) filed on February 17, 2017.

Spence is seeking relief from drug convictions entered in Court of Common Pleas of York County, Pennsylvania, criminal case CP-67-CR-3301-2015. The petition (Doc. 9) is ripe for disposition. (Docs. 58, 60, 62, 65). For the reasons set for the below, the Court will deny the petition for writ of habeas corpus.

## I. BACKGROUND

### A. State Court Proceedings

On January 14, 2016, following a bench trial, the Court of Common Pleas of York County entered a verdict finding Spence guilty of one count of possession of a controlled substance with intent to deliver in violation of 35 PA.C.S. § 780-113, §§ A30, and one count of possession of marijuana in violation of 35 PA.C.S. § 780-113 §§ A31. (DOC. 58-1, pp. 4, 7, 15-18). On March 1, 2016, he received a sentence of an aggregate term of 3 to 8 years imprisonment. (*Id.* at pp. 24-26). On March 9, 2016, he filed a document entitled "Breve Quorum Praetextu." (Doc. 60, p. 4). On April 25, 2016, he filed a request for court transcripts and a notification of an intent to appeal. (Doc. 58-1, pp. 8, 28). The trial court entered an order on May 12, 2016, finding that it lacked jurisdiction because the notice of appeal was untimely. (*Id.* at 28). Spence filed documents docketed as "Case Correspondence" on May 26, 2016, and June 13, 2016. (*Id.* at 9). The nature of the correspondence is unclear from the record. He did not pursue collateral review *via* the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§9541-9546.

Spence sought habeas relief from the Pennsylvania Supreme Court at some point in 2016. (Doc. 9, p. 27). He is "uncertain" of the filing date as "many attempts were made to no avail for lack of form." (*Id.*) The Supreme Court closed

the matter, docketed as 538 MT 2016, on or before October 8, 2016 for "failure to perfect." (Doc. 9-1, pp. 45, 46).

He next filed a petition for writ of habeas corpus in the Supreme Court of Pennsylvania on September 5, 2017. (*Id.* at pp. 29-42).[1] The Supreme Court denied the petition on January 3, 2018. (*Id.*) On March 26, 2018, the Supreme Court denied Spence's application for clarification.

### B. Federal Court Proceedings

As noted *supra*, Spence initiated this action with the filing of a petition for writ of habeas corpus on October 31, 2016, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). The matter was transferred to this district on May 6, 2017, and received on May 18, 2017. (Doc. 16). On May 22, 2017, the Court granted Spence's request for a stay and abeyance based on allegations that he was still litigating his case in the Pennsylvania Supreme Court. (Doc. 20, pp. 2, 3; Doc. 21). Spence objected to the imposition of a stay (Doc. 26) and, ultimately filed an appeal to the United States Court of Appeals for the Third Circuit. (Doc. 31). On October 13, 2017, the Court of Appeals dismissed the appeal for failure to prosecute. (Doc. 33). On March 12, 2018, Spence notified the

---

[1] *See* Supreme Court of Pennsylvania electronic docket, 160 MM 2017, https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.

Court of the January 3, 2018 order of the Pennsylvania Supreme Court denying his petition for writ of habeas corpus. (Doc. 37). Thereafter, Respondents were ordered to respond to the petition. (Doc. 42). At Respondents' request, the Court granted a sixty-day extension of time; Respondents filed a timely response on July 9, 2018. (Doc. 58). Spence filed a "Rebuttal" on July 31, 2018 (Doc. 60), and a "Supplemental Memorandum" (Doc. 62) on August 8, 2018.

**II.     ISSUES PRESENTED IN FEDERAL PETITION**

Spence pursues the following issues in his Revised petition:

1. "Statutory constructive ambiguity in The Controlled Substance, Drug, Device, and Cosmetic Act of 1972 codified in Title 35 of the Pennsylvania Statutes §§ 780-101 et seq. under the rules of the Statutory Construction Act (1 Pa.C.S.A. §§ 1501-1999)."

2. "The lower courts prosecution failed to provide and exhibit proofs to corroborate the affidavits of probable cause, therefore probable cause was lacking and resulted in the deprivation of livelihood, personal liberty(s), private property, reputation (defamation of character), and all other Pursuits and enjoyments thereof."

3. "Due process of law (or Supreme Law of the Land), in this matter, has fallen below even its minimal, most minute, atom of its standard of procedure in violation of the Constitution and, then, the (Pennsylvania) Rules of Court, and the net-workings of collusion or/and conspiracy(s) which arbitrarily deprived one of certain specific rights established in law and equal justice that cannot be sustained whether in equity nor any other venue, whether *positive*, natural, *commercial*, absolute, merchant, *admiralty*, or common law."

(Doc. 9, pp. 29-35) (emphasis in original).

## III. DISCUSSION

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). 28 U.S.C. § 2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
> ...
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding....

28 U.S.C. § 2254. Section 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014). A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. *See, e.g., Reed v. Farley*, 512 U.S. 339, 354 (1994).

Habeas relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The state courts must have the first opportunity to redress any claimed violation of a habeas petitioner's federal rights. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). The habeas statute codifies this principle by requiring that a petitioner exhaust the

remedies available in the courts of the State, 28 U.S.C. § 2254(b)(1)(A), meaning a state prisoner must "fairly present" his claims in "one complete round of the state's established appellate review process," before bringing them in federal court. *O'Sullivan*, 526 U.S. at 845 (stating "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process."); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard*, 404 U.S. at 275 (1971); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Spence did not exhaust his claims as he failed to invoke one complete round of Pennsylvania's established review process.

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, as is the case here, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001). In such cases, however, an applicant is considered to have procedurally defaulted the claims and federal courts may not consider the merits of such claims unless the applicant establishes cause for the procedural default and actual prejudice, or that a fundamental miscarriage of

7

justice will result if the court does not review the claims. *See Coleman v. Thompson,* 501 U.S. 722, 749-51 (1991); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). It is the petitioner's burden to demonstrate circumstances excusing procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750; *Lines v. Larkin*, 208 F.3d 153, 160 (2000).

Spence first seeks to excuse the procedural default based on cause for the procedural default and actual prejudice. To demonstrate "cause" a petitioner must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993).

He first argues that the cause of his procedural default was the state's deliberate failure to allow him "to exercise the right of direct appeal, to address it on the merits as of right, [and, in the process], it impeded efforts to give the state courts the first opportunity to address the issues brought upon them." (Doc. 60, p. 9). He cites to the "substantial delay in the state criminal appeal process." (Doc.

8

62, p. 3). Specifically, he takes issue with the trial court's May 12, 2016 order, disposing of a document he filed on April 25, 2016. The order states as follows:

> [T]he court has before it a document which was filed as "case correspondence" by the Clerk of Courts in its office on April 25 of 2016. The document makes inquiry about previous filings of this pro se defendant, and also contains the following: "... also notifying of intent to appeal and transcripts of trial-type hearing."
>
> Pennsylvania rule of appellate procedure 904 sets forth the form and content of a notice of appeal. A review of the record in this matter indicates that no notice of appeal has been filed thus far in this case. The current document under consideration does not even approximate the form and content required of a proper notice to appeal. However given that the defendant is pro se and has indicated in the document his "intent to appeal", we will consider the document as a notice of appeal.
>
> To the extent that defendant is attempting to notify us of his intent to appeal, we note that his sentencing occurred on March 1, 2016. Accordingly, any appeal filed on April 25, 2016, or even on April 10, 2016, the date set forth in the correspondence, would be filed late. This court, therefore, has no jurisdiction to act in this matter. Defendant's request for trial transcripts is therefore **Denied**.
>
> We direct that a copy of this order be sent to the attorney for the Commonwealth, and to the defendant at SCI-Camp Hill.

(*Id.* at 28) (emphasis in original). Spence argues that, contrary to the trial court's order, he clearly expressed his intent to file a direct appeal in his March 9, 2016 filing "entitled Breve Quorum Praetextu." (Doc. 60, p. 4). He also states that he "explicitly expressed the intention to exercise the right of direct appeal in a written brief, entitled 'Breve Quorum Praetextu', in which it requested the 'entire trial

9

transcript' and also added therein the actual direct appeal" in his March 9, 2016, and April 25, 2016, post-sentence filings before the trial court. (*Id.* at 14; Doc. 9, pp. 51-58; Doc. 9-1, pp. 1-39).

Despite Spence's expressions of his intent to appeal, the trial court placed him on notice in its May 12, 2016 order that it considered his notice of appeal to be untimely and that it lacked jurisdiction to consider the filing as a notice of appeal. If Spence believed the trial court erred in its failure to consider his March 9, 2016, and April 25, 2016, post-sentence filings as a notice of appeal, he had available to him a well-established state court avenue of relief. Appellate rights can be reinstated *nunc pro tunc* if raised in a timely filed PCRA petition. *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa.1999). Spence did not utilize this process. Instead, at some point in 2016, he chose to seek habeas relief with the Supreme Court of Pennsylvania. When he learned that the Supreme Court closed the matter in October 2016, due to procedural irregularities, the option to file a timely PCRA petition seeking reinstatement of his direct appeal rights remained available to him. Inexplicably, he chose to dispense with state court process and initiated the instant action. After the passage of almost eleven more months, he again sought habeas relief in the Supreme Court of Pennsylvania. It is clear the procedural default is not the result of some objective external factor which impeded Spence's efforts to

comply with the state's procedural rules. Rather, it is directly attributable to the choices made by Spence and his failure to follow well-established state procedural avenues to obtain the relief he sought. Because Spence fails to establish cause, we need not address the prejudice prong.

We now turn to miscarriage of justice exception and his claim of actual innocence. If a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger*, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

Spence's claim of actual innocence is comprised of a rehashing of the pretrial and trial proceedings and is devoid of new reliable evidence of his actual innocence. (Doc. 60, pp. 16-22; Doc. 62, pp. 6-9). Consequently, his procedural default cannot be excused under the miscarriage of justice exception.

Spence cannot overcome procedural default as he fails to demonstrate either cause and prejudice or that the failure to consider the claims will result in a fundamental miscarriage of justice. The petition will be denied.

## IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Petitioner fails to demonstrate that a COA should issue.

The denial of a certificate of appealability does not prevent Spence from appealing the order denying his petition so long as he seeks, and obtains, a

certificate of appealability from the Third Circuit Court of Appeals. *See* FED. R. APP. P. 22(b) (1).

## V. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be denied.

A separate Order will enter.